UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LYNN HUNTLEY,
    *Plaintiff*,

v.

SPROUT FOODS, INC. *et al.*,
    *Defendants*.

No. 3:21-cv-00488 (JAM)

**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER**

Plaintiff Lynn Huntley brings this proposed nationwide class action on behalf of herself and other consumers who have purchased baby food products from defendant Sprout Foods, Inc. Huntley claims that Sprout's products were deceptively marketed as safe and healthy because Sprout knew or should have known that its products contained toxic heavy metals. Sprout now moves to dismiss for lack of personal jurisdiction and, alternatively, moves to transfer this action to the District of New Jersey.[1] I will grant the motion to transfer and deny as moot the motion to dismiss.

## BACKGROUND

Sprout manufactures and distributes baby food products nationwide.[2] It is incorporated in Delaware and maintains its principal place of business in New Jersey.[3]

Sprout advertises that its products that are safe, healthy, and nutritious.[4] But, according to Huntley's amended complaint, Sprout's products are unsafe. The complaint alleges that a private group known as Healthy Babies Bright Futures published a report in October 2019 documenting

---

[1] Docs. #18; #56.
[2] Doc. #13 at 4 (¶ 12).
[3] *Ibid.*
[4] *Id.* at 5–8 (¶¶ 16–21).

1

detectable levels of toxic heavy metals in at least one line of Sprout products.[5] The complaint further alleges that a subcommittee of the U.S. House of Representatives published a report in February 2021 with findings that numerous baby foods belonging to a variety of brands are potentially contaminated with significant levels of toxic heavy metals, including arsenic, lead, cadmium, and mercury and that Sprout declined to cooperate with the subcommittee's investigation.[6]

Huntley is a Connecticut resident and the proposed representative of a nationwide class of consumers who, like her, purchased Sprout-brand baby foods in reliance on the brand's representations that its products are safe, healthy, and free from harmful substances or contaminants.[7] Until recently, Huntley was joined in this action by named plaintiffs from three other states.[8] On September 10, 2021, the non-Connecticut named plaintiffs moved to voluntarily dismiss their claims, leaving Huntley as the sole representative of both the nationwide class and a proposed Connecticut subclass.[9]

Huntley's action is similar in substance to two other federal lawsuits filed against Sprout around the same period of time. The first, initiated just one week before Huntley's action, was filed in the Northern District of California before being transferred to the District of New Jersey and later voluntarily dismissed. *See Key et al v. Sprout Foods, Inc.*, 2:21-cv-16605 (SRC) (JSA). The second, initiated shortly after Huntley's action, was filed in the District of New Jersey, where it remains pending before Judge Stanley R. Chesler and referred to Magistrate Judge Jessica S. Allen. *See Kimca et al v. Sprout Foods, Inc.*, 2:21-cv-12977 (SRC) (JSA).

---

[5] Doc. #13 at 10 (¶¶ 32–33).
[6] *Id.* at 1–2 (¶ 2).
[7] *Id.* at 3–4 (¶¶ 7, 11).
[8] *Ibid.* (¶¶ 8–10).
[9] *See* Doc. #65; *see also* Doc. #13 at 14 (¶ 52).

Sprout has moved to dismiss for lack of personal jurisdiction.[10] Sprout has also moved to transfer this action to the District of New Jersey, where it suggests that this action "could be designated as related" to the pending *Kimca* action and "efficiently managed by the same judge."[11]

## DISCUSSION

I will consider first the motion to transfer. A district court has power to act on a motion to transfer venue regardless of whether there is personal jurisdiction over the defendant. *See Fort Knox Music Inc. v. Baptiste*, 257 F.3d 108, 112 (2d Cir. 2001).

Federal law allows a district court to transfer a civil action to any other district where the action might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The objectives of § 1404(a) are "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). "District courts have broad discretion in making determinations of convenience under Section 1404(a)," *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006), but the burden is ultimately on the moving party to show by clear and convincing evidence the propriety of a transfer. *See New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010).

In determining whether transfer of venue is appropriate, a court asks (1) whether the action "might have been brought" in the proposed transferee forum and, if so, (2) whether the transfer promotes convenience and justice. *See MAK Marketing, Inc. v. Kalapos*, 620 F. Supp. 2d 295, 307 (D. Conn. 2009). Neither party disputes that this action *could* have been brought in the District of New Jersey, and therefore I proceed to the second inquiry.

---

[10] Doc. #18.
[11] Doc. #57 at 1.

The Second Circuit has identified some of the factors to be considered in determining whether transfer is warranted, including: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *D.H. Blair & Co.*, 462 F.3d at 106–07. In addition to these "private" factors, a district court must also take into account various "public-interest considerations," including judicial economy and local court congestion. *See Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 62 & n.6 (2013); *see also Rabbi Jacob Joseph Sch. v. Province of Mendoza*, 342 F. Supp. 2d 124, 130 (E.D.N.Y. 2004).

Having considered the relevant factors, I conclude that the interests of justice, and especially the interests of judicial economy, favor transfer to the District of New Jersey. Currently pending in that district is a case comprising nearly identical facts ands claims. *See Kimca et al v. Sprout Foods, Inc.*, 2:21-cv-12977 (SRC) (JSA), Doc. #33 (amended complaint). Although the action was filed and remains in the District of New Jersey, the lead plaintiff in that case is herself a Connecticut resident and the proposed representative of a Connecticut subclass. *Id.* at 6, 29. The potential consolidation of this case with the pending action in New Jersey would reduce litigation costs for the parties and the courts and result in a more efficient discovery process. "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960). Transfer would also avoid an undesirable "race of diligence among litigants for a trial in the District Court each prefers." *Ibid*.

4

The purely private factors present a closer question, but they too narrowly favor transfer. Importantly, the locus of operative facts in this case is firmly planted in New Jersey, where Sprout has its headquarters and where its product design, manufacturing, marketing, and distribution decisions are coordinated.[12] Huntley's injury may have occurred in Connecticut, where she apparently purchased several of the allegedly deceptively marketed Sprout products, but the conduct giving rise to her injuries—namely, Sprout's product design, manufacturing, distribution, and marketing decisions—presumably occurred at or near Sprout's corporate headquarters in New Jersey.

The true locus of operative facts is doubly important in this case because it informs the deference the Court must assign to the plaintiff's choice of forum. Huntley's choice to litigate in Connecticut would ordinarily be entitled to substantial deference, *see Gross v. Brit. Broad. Corp.*, 386 F.3d 224, 230 (2d Cir. 2004), but a plaintiff's choice of forum is given less weight where the case's operative facts have little connection to the chosen forum and where, as here, the plaintiff seeks to represent a nationwide class. *See TM Claims Serv. v. KLM Royal Dutch Airlines*, 143 F. Supp. 2d 402, 404 (S.D.N.Y. 2001); *In re Warrick*, 70 F.3d 736, 741 n.7 (2d Cir. 1995). Consequently, while Huntley's choice of forum must be accorded some weight, it alone is not enough to tip the balance against transfer.

Similarly, while the relative means of the parties would ordinarily counsel against granting transfer to a corporate defendant vis-à-vis an individual plaintiff, *see Hawley v. Accor N. Am., Inc.*, 552 F. Supp. 2d 256, 260–61 (D. Conn. 2008), the weight given to this factor is diminished where, as here, the plaintiff proposes a nationwide class action. *See Jones v. Walgreen Co.*, 463 F. Supp. 2d 267, 278 (D. Conn. 2006) (relative means of the parties "tips only

---

[12] *See* Doc. #58 at 1 (¶ 6).

slightly in [plaintiff's] favor" where the individual plaintiff represents a putative nationwide class and plaintiff's counsel has agreed to advance litigation expenses). Absent any indication to the contrary, it is reasonable to assume that class counsel in this action is prepared to advance the cost of a class action lawsuit, which is unlikely to increase appreciably—and may even decrease—given transfer to a district nearer the locus of operative facts and where a nearly identical case is already pending.

Factors related to the parties' and witnesses' convenience and the availability of witnesses and evidence are at best neutral and more than likely narrowly in favor of transfer. Connecticut is surely a more convenient venue for the plaintiff herself, but the overall convenience of party- and non-party witnesses is likely to be maximized in New Jersey, where Sprout's current and former employees are most likely to reside or frequent for work. Sprout's corporate headquarters in New Jersey is also presumably where the bulk of documentary and other evidence is located.

Huntley contends that litigation in Connecticut may actually be more convenient than New Jersey for witnesses or parties residing in the New York City area.[13] But her contention merely highlights the geographic compactness of the region at issue, and in any case, convenience to the parties and physical access to evidence is likely less important in a world made small by modern technology. *See MAK Marketing*, 620 F. Supp. 2d at 310.

In sum, the majority of section 1404(a) factors are either neutral or firmly in favor of transfer. The factors most aligned against transfer—namely, Huntley's presumptive entitlement

---

[13] The plaintiff notes, for example, that the federal courthouses in Camden, New Jersey, and New Haven, Connecticut, are roughly equidistant from Sprout's headquarters in the New York City metropolitan area. *See* Doc. #66 at 8. Huntley fails to explain, however, why the courthouse in Camden is the correct reference point, considering that the *Kimca* case is presently assigned to a judge sitting in Newark, New Jersey, which is far closer to New York City than either Camden or New Haven.

to a forum of her choice, and the relative means of the parties—are somewhat mitigated by the fact that this case has been brought as a proposed nationwide class action. It serves both the overall convenience of the parties and witnesses and the interests of justice to transfer this action to the District of New Jersey, where the case has its locus of operative facts, and where a nearly identical proposed class action—itself helmed by a Connecticut plaintiff and featuring a Connecticut subclass—is currently pending. Because I find by clear and convincing evidence that transfer to the District of New Jersey is warranted, I will grant Sprout's motion to transfer.

## CONCLUSION

For the reasons stated herein, the defendant's motion to transfer (Doc. #56) is GRANTED. The defendant's motion to dismiss for lack of personal jurisdiction (Doc. #18) is DENIED as moot. The Clerk of the Court shall TRANSFER this action to the United States District Court for the District of New Jersey.

It is so ordered.

Dated at New Haven this 14th day of January 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge